UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIM. ACTION NO. 3:18-cr-0573-B-4 |
| | § | |
| | § | |
| HAROLD QUSHUAN ROBINSON, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Harold Qushuan Robinson's Motion for Compassionate Release (Doc. 409). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On June 28, 2019, Mr. Robinson was sentenced to thirty months of imprisonment and three years of supervised release after pleading guilty to possession with intent to distribute a controlled substance. Doc. 218, J., 1–3. He is currently twenty-years old and confined at Beaumont Medium Federal Correctional Institute (FCI), with a scheduled release date of January 28, 2021.[1] Beaumont Medium FCI has fifteen confirmed cases of the COVID-19 virus—nine among its inmates and six among its staff.[2] Mr. Robinson now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop/gov/inmateloc (last visited July 15, 2020).

[2] The BOP's COVID-19 case website is available at https://www.bop/gov/coronavirus/ (last visited July 15, 2020).

because he "suffers from multiple underlying ailments, hypertension, and a heart murmur." Doc. 409, Def.'s Mot., 3.

Upon review, the Court concludes Mr. Robinson has not exhausted his administrative remedies. Thus, he is not eligible for a sentence reduction at this time. Alternatively, Mr. Robinson's release is not warranted by extraordinary and compelling reasons. Therefore, Mr. Robinson's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582©. But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(I)). The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is generally "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, some "courts have concluded that [the exhaustion] requirement is not

absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (citations omitted).

## III.

## ANALYSIS

The Court finds that Mr. Robinson has not established the exhaustion of his administrative remedies at the BOP. And even assuming he had, § 3582(c)(1)(A) does not warrant compassionate release based on the merits of Mr. Robinson's case.

*A.   Mr. Robinson Failed to Exhaust Administrative Remedies.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier").

Here, Mr. Robinson states that his "counselor was gone for well over thirty days, upon his return in early June, [Mr. Robinson] requested administrative remedy forms multiple times to be told, he would give them to him later, which never happened." Doc. 409, Def.'s Mot., 2. Mr. Robinson then explains that on June 24, 2020, he "filed a written request on the computer requesting the Warden [to] file a Compassionate Release Motion in his behalf." *Id.*

Thus, there has not been a "lapse of 30 days from the receipt of [Mr. Robinson's] request by the warden . . . ." § 3582(c)(1)(A). Moreover, Mr. Robinson has not attached evidence of his request to the warden—such as a copy of his request to the warden, or any appeals of such a denial. If Mr.

Robinson decides to submit another motion for compassionate release in the future, he must do so.

Therefore, Mr. Robinson has not shown how he has exhausted his administrative remedies—either by waiting for a response from the warden by July 24, 2020, or exhausting all appeals of the denial of such motion by the warden.

Due to his failure to exhaust his administrative remedies, the Court **DENIES** Mr. Robinson's motion for reduction **WITHOUT PREJUDICE** to re-filing after he has exhausted his administrative remedies.[3]

B.  *Irrespective of Exhaustion, Mr. Robinson Fails to Demonstrate Extraordinary and Compelling Reasons that Warrant His Release.*

Regardless of Mr. Robinson's failure to exhaust his BOP remedies, however, he has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1.). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that

---

[3] The Court recognizes that some district courts have excepted the exhaustion requirement under specific circumstances. *See United States v. Jackson*, 2020 WL 3455131, at *2 (N.D. Tex. June 5, 2020), *adopted by* 2020 WL 3452284 (N.D. Tex. June 24, 2020) (explaining the split between the district courts on whether the exhaustion requirement can be waived due to COVID-19). But the Court need not consider the propriety of such an exception here, because as explained in the Court's discussion of the merits of Mr. Robinson's motion, Mr. Robinson has not proven extraordinary and compelling reasons for his release.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP]." § 1B!.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(a).

§ 1B1.13 is no longer binding. *See United States v. Gonalez*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11). The Court will do so here as well.

First, Mr. Robinson asserts that he "suffers from multiple underlying ailments, hypertension, and a heart murmur." Doc. 409, Def.'s Mot., 3. He believes that his conditions "make him particularly vulnerable to severe illness" according to the CDC. *Id.* (citations omitted). However, he fails to provide documentation to support his asserted medical conditions. *See generally id.* Without documentation of Mr. Robinson's illnesses, the Court will not consider whether Mr. Robinson's asserted health problems constitute extraordinary and compelling reasons warranting compassionate release.

Next, Mr. Robinson relies upon the COVID-19 pandemic itself as a ground for release. *Id.* at 3–4. Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Mr. Robinson. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) ("[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . ."). Thus, this argument fails to justify Mr. Robinson's requested relief.

Accordingly, Mr. Robinson's motion also fails because he has not shown "extraordinary and compelling reasons" for his requested relief. *See* § 3582(c)(1)(A).

### IV.

## CONCLUSION

Based on Mr. Robinson's failure to show proof of exhaustion of administrative remedies, the Court denies Mr. Robinson's request to reduce his sentence under § 3582(c)(1)(A). Even if Mr. Robinson had satisfied the exhaustion requirement, however, his motion fails to demonstrate extraordinary and compelling reasons for a sentence reduction. For all of these reasons, the Court **DENIES** Mr. Robinson's motion (Doc. 409) **WITHOUT PREJUDICE**.

By denying Mr. Robinson's motion without prejudice, the Court permits Mr. Robinson to file a subsequent motion for compassionate release in the event his circumstances later rise to the level of extraordinary and compelling. Additionally, if Mr. Robinson re-files a motion based on his reasons above, the Court recommends that he obtain and provide recent medical information and evidence of his request(s) and any appeal(s) for relief.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), the Court must also consider the § 3553 factors. Because the Court holds that Mr. Robinson has not exhausted his administrative remedies or shown extraordinary and compelling reasons warranting release, the Court need not conduct that analysis today.

SO ORDERED.

SIGNED: July 21, 2020.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE