UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-cr-0573-B-4 |
| | § | |
| | § | |
| HAROLD QUSHUAN ROBINSON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Harold Qushuan Robinson's Motion for Reconsideration (Doc. 412). For the reasons that follow, the motion is **DENIED**.

## I.

## BACKGROUND

On June 27, 2019, Mr. Robinson was sentenced to thirty months of imprisonment and three years of supervised release after pleading guilty to possession with intent to distribute a controlled substance. Doc. 218, J., 1–3. He is currently twenty-six years old and confined at Beaumont Medium Federal Correctional Institution (FCI), with a statutory release date of January 28, 2021.[1] Beaumont Medium FCI has eight current cases of the COVID-19 virus among prisoners, six among staff, fifty-six recoveries, and zero deaths.[2]

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop.gov/inmateloc/ (last visited August 10, 2020).

[2] The BOP's COVID-19 case website is available at https://www.bop.gov/coronavirus/ (last visited August 10, 2020).

Mr. Robinson previously motioned the Court to grant him compassionate release, and the Court denied his motion. *See* Doc. 410, Mem. Op. & Order, 1. The Court explained that Mr. Robinson did not exhaust his administrative remedies and that he provided insufficient evidence of medical conditions that would warrant his release. *Id.* at 3–5.

Mr. Robinson then filed a motion for reconsideration (Doc. 412). The Court ordered the Government to respond. Doc. 413, Electronic Order. The Government has done so, *see* Doc. 414, Gov't's Resp., and the motion is ripe for review.

Because Mr. Robinson's medical conditions do not provide an extraordinary and compelling reason for his release, Mr. Robinson's motion is **DENIED**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* § 3582(c). But, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission[.]" § 3582(c)(1)(A).

## III.

## ANALYSIS

The Court finds that § 3582(c)(1)(A) does not warrant a sentencing reduction or

compassionate release based on the merits of Mr. Robinson's case.[3]

A. *Mr. Robinson Fails to Demonstrate Extraordinary and Compelling Reasons That Warrant His Release.*

Mr. Robinson has not shown "extraordinary and compelling reasons" justifying compassionate release. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. 1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. 1.[4] However, since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is no longer binding. *See United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020); *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at

---

[3] The Court is unclear whether Mr. Robinson has exhausted his administrative remedies. Section 3582(c)(1)(A) as amended by the First Step Act of 2018, explains that the Court may reduce the term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A). Mr. Robinson attaches a request for administrative remedy that is dated June 26, 2020, *see* Doc. 412, Def.'s Mot., 8, but the BOP's denial states that the request was received on July 14, 2020. *Id.* at 7. However, the Government does not argue that Mr. Robinson has failed to exhaust. *See generally* Doc. 414, Gov't's Resp. Because Mr. Robinson's motion fails on the merits, the Court assumes that he has exhausted.

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set for above, "[a]s determined by the Director of the [BOP]." § 1B1.13(1)(A) cmt. 1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(a).

*10–11). The Court will do so here as well.

Mr. Robinson asserts that he has underlying medical conditions "that make[] him extreme[ly] vulnerable" to the most serious COVID-19 symptoms should he contract the virus. Doc. 412, Def.'s Mot., 1. Mr. Robinson attaches a copy of his hypertension medication, *see id.* at 2, and a doctor's note in which the doctor explains that Mr. Robinson has chest pains and an "innocent [heart] murmur." *See id.* at 3–5.

Mr. Robinson's medical conditions fail to rise to the level of extraordinary and compelling reasons for his release for two reasons. First, the doctor concluded that Mr. Robinson's heart murmur was "innocent" and "completely benign . . . ." *Id.* at 4. The doctor "stressed that no special precautions or restrictions are necessary because of the innocent murmur[.]" *Id.* at 5. Moreover, the doctor's note is from 2007, more than thirteen years ago. *Id.* at 4.

Second, Mr. Robinson attaches only a copy of his prescription for hypertension, *see id.* at 2, but no information as to the severity of his hypertension. In the absence of evidence suggesting that Mr. Robinson is at a high risk of severe illness should he contract COVID-19, Mr. Robinson has failed to demonstrate extraordinary and compelling reasons for his release. The Court also notes Mr. Robinson's relatively young age—twenty-six—and that Beaumont Medium FCI has relatively few cases of COVID-19. *See supra* at 1.

To the extent Mr. Robinson relies upon the COVID-19 pandemic itself as grounds for release, its effect on the nation does not demonstrate extraordinary circumstances specific to Mr. Robinson. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements").

Accordingly, Mr. Robinson's motion fails because he has not shown "extraordinary and compelling reasons" for his requested relief. *See* § 3582(c)(1)(A).

## IV.

## CONCLUSION

Mr. Robinson's Motion for Reconsideration (Doc. 412) is **DENIED WITHOUT PREJUDICE**, because he has not provided extraordinary and compelling reasons for his release. However, nothing in this Order prevents Mr. Robinson from re-filing a motion for compassionate release should his health and the circumstances at Beaumont Medium FCI significantly deteriorate.

**SO ORDERED.**

**SIGNED: August 13, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE